UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE M. HICKSON,             :
                              : NO. 1:04-CV-00411
    Plaintiff,                :
                              :
                              : **OPINION AND ORDER**
  v.                          :
                              :
                              :
UNITED PARCEL SERVICE,        :
                              :
    Defendant.                :
                              :

Proceeding pro se, Plaintiff Andre M. Hickson ("Hickson") filed the instant Complaint against United Parcel Service ("UPS") on June 17, 2004, alleging that he suffered unlawful racial discrimination and wrongful termination as an employee thereof (doc. 2).  On October 8, 2004, Hickson filed a motion that the assigned Magistrate Judge construed to be a motion for default judgment (doc. 12).  On October 12, 2004, UPS filed both an Answer (doc. 13) and a response to Hickson's motion (doc. 14); Hickson filed a reply to the latter on October 13, 2004 (doc. 16).  On April 14, 2005, the assigned Magistrate Judge issued a Report and Recommendation (doc. 31) recommending that Plaintiff's motion for default judgment be denied.  The parties were provided proper notice of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d

947, 949-50 (6th Cir. 1981). Neither party has filed any objections thereto within the prescribed time, rendering the matter ripe for decision.

Upon de novo review pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation well reasoned and proper. Although Hickson's service upon UPS via its employee Ms. Dorothy Kidd at its place of business was in accordance with Fed. R. Civ. P. 4(h)(1) and Ohio R. Civ. P. 4.2(F) – and, therefore, UPS was technically in default by failing to answer or otherwise respond to the Complaint within the prescribed time – the Magistrate Judge correctly concluded that little would be gained by granting Hickson's motion. Although UPS concedes that Kidd did indeed sign for the Complaint, it also avers that it "was never delivered to UPS's Kentucky District headquarters" and that no "member of UPS management receive[d] notification" of the Complaint "before October 11, 2004" (doc. 14). Furthermore, as the Defendant notes, the procedural history of this case reveals that UPS "vigorously defended" Plaintiff's underlying Ohio Civil Rights Commission charge that ultimately resulted in a finding in its favor (Id.). Accordingly, it avers that its failure to answer within the time provided was "the product of mistake, inadvertence, surprise, or excusable neglect" and that allowing the case to proceed would not prejudice Hickson. Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992); see also

Fed. R. Civ. P. 60(b)(1).  In light of the fact that UPS would likely be entitled to set aside the default judgment Hickson requests pursuant to Fed. R. Civ. P. 60(b), little would be gained by granting his request in the first instance.[1]  See, e.g., Weiss v. St. Paul Fire and Marine Ins. Co., 283 F.3d 790, 794-95 (6th Cir. 2002).

Accordingly, the Magistrate Judge's Report and Recommendation (doc. 32) is ADOPTED IN ITS ENTIRETY.  Plaintiff's Motion for Default for Failure to Plead (doc. 12) is DENIED.

SO ORDERED.

Dated: August 22, 2005          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge

---

[1] Two other facts are also worth noting.  First, Hickson's motion might more accurately have been cast as a motion for entry of default pursuant to Fed. R. Civ. P. 55(a); setting aside any such entry only requires "good cause" under Fed. R. Civ. P. 55(c).  Second, Plaintiff has since filed an Amended Complaint (doc. 24) to which UPS has filed an Answer (doc. 25), rendering the matter somewhat moot.