```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

ANDRE HICKSON,                  :        NO. 1:04-CV-00411
                                :
        Plaintiff,               :
                                :
  v.                            :        **OPINION AND ORDER**
                                :
                                :
UNITED PARCEL SERVICE,          :
                                :
        Defendant.               :

This matter is before the Court on the Magistrate Judge's May 18, 2006 Report and Recommendation (doc. 55), to which Plaintiff filed no objection.  For the reasons indicated herein, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct.  The Court therefore ADOPTS such Report and Recommendation (doc. 55), thus GRANTING Defendant's Motion for Summary Judgment (doc. 38), and DISMISSING this case from the Court's docket.

**I.  Background**

The Magistrate Judge offered a comprehensive review of the facts in this matter, which the Court incorporates by reference (doc. 55).  In summary, Defendant United Parcel Service ("UPS") terminated Plaintiff's employment as a package sorter and car washer on September 3, 2002, for failing to follow management instructions, walking off the job, and job abandonment (<u>Id</u>.).  Plaintiff's termination followed a pattern of documented

performance and attendance problems, suspensions, and a prior discharge, later reduced to a six-day suspension, for dishonesty (Id.).

Plaintiff claimed that he left his job prior to completing his assigned work because an employee with less seniority could finish the work (Id.). Plaintiff's supervisors warned him prior to his departure that clocking out prior to completing his assigned work would be considered job abandonment (Id.). Plaintiff requested the assistance of the union steward, whom he said gave him permission to clock out (Id.). Defendant indicated that the union steward had no such authority (Id.).

Plaintiff filed his Complaint on June 17, 2004, and an Amended Complaint on December 10, 2004, alleging breach of the collective bargaining agreement ("CBA") between the Teamsters Local 100 and UPS, in violation of Section 301 of the Labor Management Relations Act ("LMRA"), and alleging racial discrimination in violation of state and federal law (Id.). Defendant filed its Motion for Summary Judgment on September 30, 2005, arguing that Plaintiff's claims lack merit because (1) they are preempted by Section 301 of the LMRA; (2) because his breach of the CBA claim is time-barred and he has failed to allege a breach of the union's duty of fair representation; and (3) his discrimination claim fails because he cannot identify any similarly-situated employees (doc. 38).

2

**II. The Magistrate Judge's Report and Recommendation (doc. 55)**

The Magistrate Judge found well-taken Defendant's argument that Plaintiff's breach of contract claim is barred by the applicable statute of limitations and that Plaintiff has failed to allege that his union breached its duty of fair representation (doc. 55). Citing <u>DelCostellow v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 169-71 (1983), the Magistrate Judge noted that Plaintiff had six months to file his claim alleging a breach of the collective bargaining agreement, but that he filed it some fifteen months after the limitations period had expired (<u>Id</u>.). Relying upon <u>Bacashihua v. U.S. Postal Service</u>, 859 F.2d 402, 404-405 (6th Cir. 1988), the Magistrate Judge reasoned that where, as here, a plaintiff does not allege the union breached its duty of fair representation, the Court lacks jurisdiction to hear the breach of contract claim (<u>Id</u>.).

As for Plaintiff's federal and state law discrimination claims, the Magistrate Judge found that under the applicable <u>McDonnell Douglas</u> analysis, Plaintiff must show that he has been treated less favorably than similarly-situated employees outside his protected class (<u>Id</u>. <u>citing</u> 411 U.S. 792, 802 (1973)). The Magistrate Judge reviewed the evidence carefully and found no indication that any of the employees identified by Plaintiff were similarly-situated (<u>Id</u>.). Accordingly, the Magistrate Judge concluded that Plaintiff has failed to present evidence that he was

3

treated less favorably than similarly-situated employees, and that his disparate treatment claims fail as a matter of law (Id.). For all of the above reasons, the Magistrate Judge recommended that the Court grant Defendant's Motion for Summary Judgment (doc. 38), and dismiss Plaintiff's Complaint.

**III. Analysis**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds no reason to reject the conclusion of the Magistrate Judge's well-reasoned opinion. Clearly Plaintiff filed his breach of contract claim outside the requisite statute of limitations even should he have alleged that his union breached its duty of fair representation during the grievance process. Moreover, the Court has reviewed the evidence and agrees with the Magistrate Judge that Plaintiff has not proffered evidence that a similarly-situated non-minority employee received more favorable treatment. The Court finds no genuine issue as to any material fact and concludes that Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff filed no objection to the Magistrate Judge's Report and

Recommendation.

Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 55), AFFIRMS the Magistrate Judge's recommended decision (Id.), GRANTS Defendant's motion for summary judgment (doc. 38), and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: September 14, 2006        s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge